IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| ANTHONY - DECARLO: HAYES, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No. 11-2193-JDT-tmp |
| A C WHARTON, Mayor of the City | ) | |
| of Memphis, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Before the court by order of reference is plaintiff anthony-d:hayes, sr's[1] Motion for Default Judgment & Or Alternative To Summary Judgment & Memorandum in Support of Motion for Summary Judgment, filed on March 27, 2013. (ECF No. 22.) In his motion, plaintiff states that defendants Johnie McKay, Deneen Alsadi, Otis Tidwell, Officer C. Murphy IBM #12151, and Anthony McGhee have been sued in both their official and individual capacities, and that to date, they have not filed an answer to the complaint in their individual capacities. Plaintiff claims that he properly served these defendants via certified U.S. Mail on April 7, 2011. Although McKay, Alsadi, Tidwell, and Murphy have filed a motion to dismiss the claims against them in their official capacities, they

---

[1]Plaintiff's name appears in this form in his documents filed with the court.

have not answered or otherwise responded to the complaint in their individual capacities. Plaintiff seeks default judgment against these defendants for claims against them in their individual capacities. In response, defendant City of Memphis ("City") argues that each of these defendants are employed by the City and that the plaintiff has failed to specify in his complaint whether he is suing these defendants in their individual capacities. The City further argues that these defendants have currently pending a motion to dismiss the complaint and that the court should not decide the instant motion for default judgment until it rules on the motion to dismiss. Although the motion to dismiss challenges the individual capacity claims in the complaint, the motion itself is brought only on behalf of the defendants in their official capacities.

As an initial matter, the court notes that on March 29, 2012, the presiding District Judge entered an order dismissing defendants AFSCME Union and Anthony McGhee from this lawsuit, based on plaintiff's failure to timely serve these defendants. Therefore, it is recommended that plaintiff's motion for default judgment against McGhee be denied based on the March 29 order of dismissal. In addition, although plaintiff moves in the alternative for summary judgment under Fed. R. Civ. P. 56, that procedural rule clearly does not apply under these circumstances. It is recommended that the plaintiff's alternative motion for summary

judgment be denied.

In order to obtain a default judgment against a party who has received service but failed to appear and plead in a case, the plaintiff must first seek an entry of default from the Clerk of the Court under Rule 55(a).  See 10A Charles A. Wright, Arthur Miller, & Mary Kay Kane, Federal Practice & Procedure § 2682 ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."). The plaintiff must show "by affidavit or otherwise" that the party against whom he seeks a default "has failed to plead or otherwise defend" in the case.  Fed. R. Civ. P. 55(a); see also Heard v. Caruso, 351 F. App'x 1, 15–16 (6th Cir. 2009) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."); Shepard Claims Serv., Inc. v. William Darrah & Associates, 796 F.2d 190, 193 (6th Cir. 1986) (explaining that the entry of default under Fed. R. Civ. P. 55(a) is the first procedural step necessary in obtaining a default judgment).  Thus, until the Clerk enters a default against a party, that party, by definition, is not yet in default.  For these reasons, it is recommended that plaintiff's motion for default judgment be denied.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

July 19, 2013  
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. FED. R. CIV. P. 72(b)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**