IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| **ANTHONY-DECARLO HAYS, SR.,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil No. 11-2193-JDT/tmp |
| | ) | |
| **A C WHARTON, et al.,** | ) | |
| | ) | |
|     **Defendants.** | ) | |

_____

**REPORT AND RECOMMENDATION**
_____

Before the court by order of reference[1] is defendant Larry Godwin's Motion to Dismiss Pursuant to Rule 12(b)(4) and (5) of the Federal Rules of Civil Procedure, filed on August 20, 2013. (ECF Nos. 35, 36.) Plaintiff anthony-d:hayes, sr[2] has not filed a response in opposition, and the time for doing so under this court's Local Rules has expired. (See LR 12.1(b).) For the reasons below, it is recommended that the Motion to Dismiss be granted and that the action be dismissed without prejudice against Director Godwin in his individual capacity.

On March 14, 2011, plaintiff filed a *pro se* complaint against the City of Memphis, Mayor A C Wharton, numerous employees of the City of Memphis, and the American Federation of State, County and

---

[1]See ECF No. 33 at 7-8.

[2]Plaintiff's name appears in this form in his documents filed with the court.

Municipal Employees ("AFSCME") and its representatives. On June 28, 2012, the court entered an Order to Issue and Effect Service of Process. (ECF No. 23.) The order provided as follows:

> Within thirty (30) days of the date of entry of this order, either by appearing in person or through the mail, Plaintiff shall present the Clerk with a properly completed summons for each defendant. If the summonses are in proper form, the Clerk shall sign, seal, and issue them to Plaintiff for service on Defendants.
>
> Plaintiff is responsible for ensuring that service is effected on Defendants pursuant to Rules 4(e) of the Federal Rules of Civil Procedure. Plaintiff shall file proof of service pursuant to Fed. R. Civ. P. 4(l).
>
> . . . Plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's local rules.
>
> . . . Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.
>
> Plaintiff is advised that the time limit set forth in Fed. R. Civ. P. 4(m) shall commence running on the date of entry of this order.

(Id.) (footnotes omitted).

On March 19, 2013, the court entered an order directing plaintiff to show cause why the action as to defendants AFSCME and Anthony McGhee should not be dismissed for failure to serve them within the requisite time. (ECF No. 19.) On March 27, 2013, plaintiff filed a document titled "Plaintiff's Statement to Show Cause," in which he argued that he had served several of the

defendants and attached summonses as proof of service.[3] (ECF No. 21.) However, "Plaintiff's Statement to Show Cause" made no mention of service upon defendant Larry Godwin, the former Director of Police Services.[4] Nor did plaintiff attach any documents as proof of service upon Director Godwin. In connection with the Motion to Dismiss, Director Godwin has submitted an affidavit stating that he has never been served with a summons in this case and had no knowledge that he was being sued in his individual capacity until he received a letter from the City Attorney on or about August 9, 2013. (ECF No. 44, Godwin Aff. ¶¶ 2-3.)

Rule 4 of the Federal Rules of Civil Procedure has different requirements for serving summons on an individual and on a governmental entity. Both sets of requirements are in force in this case because plaintiff has sued Director Godwin in his individual and official capacity.[5] "Suing a public official in his official capacity for acts performed within the scope of his authority is equivalent to suing the governmental entity." Soper v. Hoben, 195 F.3d 845, 853 (6th Cir. 1999) (citing Kentucky v.

---

[3]On March 29, 2013, defendants AFSCME and Anthony McGhee were dismissed from this action because plaintiff failed to serve them with process within the requisite time. (ECF No. 23.)

[4]Director Godwin retired from the City of Memphis on April 14, 2011. (ECF No. 44, Godwin Aff. ¶ 1.)

[5]By order entered on August 8, 2013, the court dismissed the official capacity claims against Director Godwin and other individual defendants.

Graham, 473 U.S. 159, 166 (1985)). Thus, "service of a defendant sued in his official capacity must be made under Fed. R. Civ. P. 4(j)." Cleary v. City of Hudson, Ohio, No. 5:12-cv-1943, 2013 WL 5557394, at *2 (N.D. Ohio Oct. 7, 2013) (citing Powers v. Collins, No. 2:09-cv-501, 2010 WL 3526518, at *2 (S.D. Ohio Sept. 8, 2010)). With respect to individual capacity claims, Rule 4(e) requires that a plaintiff perfect personal service on each defendant. Fed. R. Civ. P. 4(e). Without such personal service, a district court is without jurisdiction to render judgment against the defendant. Harris v. City of Cleveland, 7 F. App'x 452, 456 (6th Cir. 2001) (citing Friedman v. Estate of Presser, 929 F.2d 1151, 1157 (6th Cir. 1991)).

Under Rule 4(m), if a defendant is not served within 120 days after the complaint is filed, the court must dismiss the action without prejudice. Fed. R. Civ. P. 4(m). There is no indication from the record that plaintiff has served Director Godwin in his individual capacity, and as mentioned above, plaintiff has not responded to the Motion to Dismiss. Plaintiff also has not sought leave to extend the time to effect service upon Director Godwin. Therefore, it is recommended that the Motion to Dismiss be granted and that the action be dismissed without prejudice against Director Godwin in his individual capacity.[6]

---

[6] A court may dismiss a case with prejudice if "(a) service has not been timely effected under Rule 4(m), (b) there is no good cause to extend the time for service, and (3) the statute of limitations has

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

January 9, 2014
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, A PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. FED. R. CIV. P. 72(b)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**

---

expired." Dudzinski v. Spirit Airlines, Inc., No. 09-15009, 2013 WL 1211315, at *4 (E.D. Mich. Mar. 5, 2013) (citing Conover v. Lein, 87 F.3d 905, 908 (7th Cir. 1996); Cardenas v. City of Chicago, 646 F.3d 1001, 1007–08 (7th Cir. 2011); Zapata v. City of New York, 502 F.3d 192, 197 (2d Cir. 2007); Petty v. Cnty. of Franklin, Oh., 478 F.3d 341, 346 n.2 (6th Cir. 2007)). Director Godwin did not raise a statute of limitations argument in his motion.