IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| ANTHONY-DECARLO HAYES, SR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   No. 11-cv-2193-JDT/tmp |
| | ) |
| A C WHARTON, et al., | ) |
| | ) |
|     Defendants. | ) |

_____

REPORT AND RECOMMENDATION ON
DEFENDANTS' JOINT MOTION TO DISMISS WITH PREJUDICE FOR FAILURE
TO PROSECUTE
_____

Before the court by order of reference is Defendants' Joint Motion to Dismiss With Prejudice for Failure to Prosecute, filed on June 4, 2014, on behalf of all the defendants. (ECF No. 61.) To date, plaintiff Anthony-Decarlo Hayes, Sr. has not filed a response, and the time for doing so has expired. See Local Rule 7.2(a)(2) (responses to motions, other than motions filed pursuant to Rule 12(b) and (c) or Rule 56, shall be filed within 14 days after service of the motion). For the reasons below, it is recommended that the Motion to Dismiss be granted.

I.    PROPOSED FINDINGS OF FACT

Plaintiff Anthony-Decarlo Hayes, Sr. filed the instant complaint *pro se* on March 14, 2011, against the City of Memphis

("City"), City of Memphis Mayor A C Wharton, numerous employees of the City, and the American Federation of State, County and Municipal Employees ("AFSCME") and its representatives. (ECF No. 1.) The complaint contains numerous allegations of violations of federal, state, and international law. Specifically, Hayes alleges as follows:

    1. On October 28, 2009, during his employment as a code enforcement officer for the City, Plaintiff applied for a promotion as a zone manager.

    2. The City had posted two job openings for this position. In May 2010, the City chose three individuals, none of whom were Plaintiff. One of these men, Otis Tidwell, later supervised Plaintiff.

    3. On May 26, 2010, Plaintiff contacted Antonio Adams, a labor relations officer for the City, to express his concern that the promoted individuals did not meet the standards posted for the position. Adams began an investigation into Plaintiff's allegations but did not follow-up with Plaintiff to his satisfaction.

    4. On or around June 26, 2010, Tidwell instructed Plaintiff and another employee to wear a white knit shirt. Later that same day, Tidwell again spoke with Plaintiff. Plaintiff believed that Tidwell was attempting to provoke a fight. During this conversation, Tidwell struck Plaintiff on his left shoulder and told him that he had to wear the white shirt to work on Monday.

    5. In response to the physical contact and perceived unfair treatment, Plaintiff filed a police report with the Memphis Police Department, submitted a grievance, and mailed letters to the Mayor, Chief Administrative Officer George Little, the City Council Chairman, and each City Council Member.

6. An officer from the Memphis Police Department took a memo on the events. The General Assignment Bureau received the case and decided not to pursue criminal charges.

7. Because the Police Department declined prosecution, Johnny McKay, Deputy Director of Community Enhancement, denied Plaintiff's grievance. None of the letter recipients took any corrective action.

8. Plaintiff was transferred to another division. The division leader, Williams Lewis, had formerly supervised his son, William Lewis, Junior. On or about August 16, 2010, Plaintiff contacted Labor Relations Officer Adams to discuss both the actions of Tidwell and his transfer to a different division.

9. On or around August 30, 2010, Tidwell issued a written request for a disciplinary hearing against Plaintiff.

10. On or around September 1, 2010, Plaintiff, along with other members of his division, met with the AFSCME Labor representative, Anthony McGhee. McGhee told Plaintiff that the Union would not assist him in the grievance process because he had not paid his dues. Plaintiff stated that he had paid his dues. Plaintiff alleged that the Union refused to represent him because of his relationship with "management."

11. On or around September 8, 2010, Eric Muhammed, a senior inspector with Code Enforcement, struck Plaintiff on the shoulder and "began to chuckle as if he was making a point to the Plaintiff about his friend Mr. Tidwell."

12. Because of these experiences and the failure of his superiors to remedy the situation, Plaintiff began to "fear for his life" and entered the Employee Assistance Program.

13. Several months later, on February 22, 2011, Plaintiff noticed that he was being followed by members of the Memphis Police Department. Officer R.

> Murphy stopped Plaintiff for speeding and asked for his "ID for his traveling conveyance." When Officer Murphy returned to Plaintiff' vehicle, Plaintiff stated that he was a former Memphis Police officer. Murphy put his hand on his gun and replied "I don't know you and I don't care nothing about you people." Murphy issued him a ticket for violation of state registration.
>
> 14. On August 11, 2010, Plaintiff filed a grievance with the Tennessee Human Rights Commission and the Equal Employment Opportunity Commission ("EEOC"). Plaintiff alleged discrimination by the City because he is an American Indian. He stated that the City failed to promote him, he was subjected to unfair conditions of employment, he suffered a physical assault, and he was moved to a different area for filing a grievance. He received his right to sue letter on December 16, 2010.

(ECF No. 33, Aug. 8, 2013 Order Granting Motion to Dismiss of Defendants in Their Official Capacities and Denying Motion to Dismiss Individual Capacity Claims.)

On September 17, 2012, the court conducted a scheduling conference pursuant to Federal Rule of Civil Procedure 16. Hayes and counsel for the defendants were present at the conference. The court discussed with the parties the importance of meeting the deadlines set forth in the scheduling order. The court specifically warned the parties that failure to meet the deadlines or to comply with the Federal Rules could result in the imposition of sanctions, including the sanction of dismissal of the case. On September 19, 2012, the court entered a scheduling order

which required, among other things, that the parties provide their Rule 26(a)(1) initial disclosures by no later than October 1, 2012. (ECF No. 13.) The scheduling order imposed a discovery deadline of March 18, 2013. On September 24, 2012, the District Judge entered an order setting the case for trial for August 12, 2013. (ECF No. 14.)

On March 22, 2013, the City filed a Motion to Dismiss Pursuant to Rules 37 and 41. (ECF No. 20.) The City stated in the motion that it sent Hayes its Rule 26(a)(1) initial disclosures on October 1, 2012, but that Hayes had not provided the City with his initial disclosures as required by the Federal Rules and the scheduling order. The City further stated that it contacted Hayes by phone on March 16, 2013, to ask about the status of his initial disclosures, and that Hayes stated he would provide his initial disclosures on March 17, 2013. However, according to the City, as of March 22, 2013, Hayes had not provided his initial disclosures. The City moved to dismiss the case pursuant to Rules 37 and 41 for failure to prosecute. Hayes filed a response in opposition on April 1, 2013. (ECF No. 24.) Hayes stated that he had been unable to provide his initial disclosures because (1) the City had terminated his employment on January 3, 2012; (2) on October 5, 2012, while

attempting to serve the complaint on defendant Officer R. Murphy, Memphis Police Officer Colin Berryhill threatened Hayes; (3) on November 29, 2012, his utilities were shut off, thus preventing him from obtaining certain information; and (4) he was still attempting to serve one of the defendants. On August 1, 2013, Hayes filed a Motion to Enlarge Time. (ECF No. 25.) Citing the same reasons set forth in his response to the City's Motion to Dismiss Pursuant to Rules 37 and 41, Hayes asked to extend the discovery deadline to June 22, 2013. In its response, the City argued that Hayes's Motion to Enlarge Time should be denied and that the court should stay proceedings until after the court ruled on the City's pending Motions to Dismiss (the Motion to Dismiss Pursuant to Rules 37 and 41 and a separate Motion to Dismiss for failure to state a claim filed on December 17, 2012). On July 22, 2013, the court entered an order denying without prejudice plaintiff's Motion to Enlarge Time and staying discovery until after the pending Motions to Dismiss were decided. (ECF No. 31.) The court stated that should the motions be denied, the court would at that time consider whether to enter an amended scheduling order. On August 8, 2013, the court ruled on the Motions to Dismiss. (ECF No. 33.) The court denied as moot the Motion to Dismiss Pursuant to Rules 37 and 41. The court granted in part and

denied in part the Motion to Dismiss for failure to state a claim.  The order also referred to the magistrate judge all pretrial matters.

On August 20, 2013, defendant Larry Godwin filed a Motion to Dismiss Pursuant to Rule 12(b)(4) and (5) of the Federal Rules of Civil Procedure.  (ECF Nos. 35, 36.)  Hayes did not file a response to the motion.  On January 9, 2014, the undersigned magistrate judge submitted a report and recommendation, recommending that Godwin be dismissed without prejudice due to Hayes's failure to serve Godwin within the time required under Federal Rule of Civil Procedure 4(m).  (ECF No. 50.)  Over Hayes's objections, the District Judge adopted the report and recommendation.  (ECF No. 57.)

On May 22, 2014, the court entered an Order Compelling Plaintiff to Provide His Initial Disclosures and Amending Scheduling Order.  (ECF No. 59.)  The court stated in that order:

> It is unclear from the record whether plaintiff has ever provided the defendants with his initial disclosures as required by the scheduling order and Federal Rule of Civil Procedure 26(a)(1).  Rule 26(a)(1) requires a party to provide to the other parties the following information:
>
>> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information - along with the subjects of

>     that information - that the disclosing party
>     may use to support its claims or defenses,
>     unless the use would be solely for
>     impeachment;
>
>     (ii) a copy - or a description by category and
>     location - of all documents, electronically
>     stored information, and tangible things that
>     the disclosing party has in its possession,
>     custody, or control and may use to support
>     its claims or defenses, unless the use would
>     be solely for impeachment;
>
>     (iii) a computation of each category of
>     damages claimed by the disclosing party -
>     who must also make available for inspection
>     and copying as under Rule 34 the documents or
>     other evidentiary material, unless
>     privileged or protected from disclosure, on
>     which each computation is based, including
>     materials bearing on the nature and extent
>     of injuries suffered.
>
> Fed. R. Civ. P. 26(a)(1)(A)(i)-(iii). If plaintiff
> has not yet provided the defendants with his Rule
> 26(a)(1) information, he <u>shall do so by no later than
> Friday, May 30, 2014.</u> Plaintiff is hereby warned that
> failure to comply with any of the court's deadlines,
> the court's orders, or to cooperate in discovery shall
> result in his case being dismissed with prejudice.

(ECF No. 59 at 3-4) (emphasis in original). The court also imposed a discovery deadline of July 15, 2014, and a dispositive motions deadline of July 22, 2014. The court emphasized that "***These deadlines are final deadlines, and will not be modified or extended.***" (ECF No. 59 at 5) (emphasis in original). The District Judge has re-set the case for trial for November 24, 2014.

## II. PROPOSED CONCLUSIONS OF LAW

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 736 (6th Cir. 2008) (quoting Knoll v. AT&T, 176 F.3d 359, 363 (6th Cir. 1999) (brackets and internal quotation marks omitted)). A district court therefore "must be given substantial discretion in serving these tasks." Id. (quoting Knoll, 176 F.3d at 363). However, "[d]ismissal 'is a harsh sanction which the court should order only in extreme situations showing a clear record of delay or contumacious conduct by the plaintiff.'" Shavers v. Bergh, 516 F. App'x 568, 570 (6th Cir. 2013) (quoting Carver v. Bunch, 946 F.2d 451, 454 (6th Cir. 1991)). The Sixth Circuit considers four factors when reviewing a district court's dismissal under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate

could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." Richter v. Am. Aggregates Corp., 522 F. App'x 253, 259 (6th Cir. 2013) (quoting Knoll, 176 F.3d at 363); see also United States v. Reyes, 307 F.3d 451, 458 (6th Cir. 2002); Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1997); Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1073 (6th Cir. 1990); Ferrell v. Sparkman, No. 4:06-cv-7, 2007 WL 1574279, at *3 (E.D. Tenn. May 29, 2007). In order to support a finding of willfulness, bad faith, or fault, "the plaintiff's conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.'" Kovacic v. Tyco Valves & Controls, LP, 433 F. App'x 376, 380 (6th Cir. 2011) (quoting Wu v. T.W. Wang, Inc., 420 F.3d 641, 643 (6th Cir. 2005)).

The court submits that Hayes's complaint should be dismissed with prejudice for failure to prosecute. First, Hayes's failure to provide his Rule 26(a)(1) initial disclosures has been willful and in bad faith. The original scheduling order required the parties to provide their initial disclosures by no later than October 1, 2012, yet as of March 22, 2013 (when the City filed its first Motion to Dismiss Pursuant to Rules 37 and 41), Hayes had not provided his initial disclosures. The

court finds that none of the reasons stated in his April 1, 2013 response to the City's motion, either independently or in the aggregate, excused Hayes from complying with the requirement that he provide his Rule 26(a)(1) initial disclosures.  In its May 22, 2014 Order, the court specifically ordered Hayes to provide his initial disclosures by May 30, 2014, and even quoted the relevant parts of Rule 26(a)(1).  Hayes violated the May 22 Order by failing to provide any of the defendants with his initial disclosures.  Second, the defendants undoubtedly have been prejudiced by Hayes's conduct by being denied his initial disclosures for the past twenty-one months, thus preventing the defendants from defending against plaintiff's claims.  Third, the court warned Hayes at the scheduling conference and in the May 22 Order that his failure to comply with any of the court's deadlines, the court's order, or to cooperate in discovery would result in his case being dismissed with prejudice.  Finally, the court has carefully considered imposing less drastic sanctions, including awarding attorney's fees.  However, it is submitted that under the facts of this case, no sanction short of dismissal would appropriately address Hayes's failure to comply with the court's orders or the requirements imposed by the Federal Rules.

### III. RECOMMENDATION

For the reasons above, it is recommended that the Defendants' Joint Motion to Dismiss With Prejudice for Failure to Prosecute be granted and that the case be dismissed with prejudice.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

July 1, 2014
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. FED. R. CIV. P. 72(b)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**